UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE CARLTON SMITH,

    Plaintiff,

v.

L. STEPP, et al.,

    Defendants.

No. C 13-3316 MEJ (pr)

**ORDER OF PARTIAL SERVICE; DISMISSING CLAIMS WITHOUT PREJUDICE**

## INTRODUCTION

Plaintiff Lawrence Carlton Smith filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at Salinas Valley State Prison (SVSP), where he is currently incarcerated, and at High Valley State Prison (HVSP) and Corcoran State Prison (CSP), where he was formerly incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**I. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

**II. Plaintiff's Allegations**

In his complaint, Plaintiff alleges the following regarding employees at SVSP. On June 24, 2010, when Plaintiff arrived at SVSP, he was told he could not keep his

2

identification from CSP, which Plaintiff knew was false.  Plaintiff was pepper sprayed and "physically abused by staff."  Sgt. L. Stepp was connected with this incident.  On August 8, 2010, Plaintiff was refused clothes and food.  "Instead of rectifying the problem, [Plaintiff] was pepper sprayed and physically abused by staff."  Sgt. M. Zornes was connected to this incident.  On August 27, 2010, Correctional Officer M. Mejia struck Plaintiff in the face with his fists, resulting in a slash that required stitches.  Plaintiff was also pepper sprayed.  Correctional Officer Garcia aided Officer Mejia by holding Plaintiff while he was being pepper sprayed and then he punched Plaintiff in the face, resulting in an injury that required stitches.  On July 6, 2010, Sgt. D. Battles pepper sprayed Plaintiff and falsely accused Plaintiff of assaulting him.  On August 12, 2010, Chief Psychiatrist F. Wilson caused Plaintiff to be injected with medicine and lied to a judge and a hearing officer about the defendants in this complaint.  On October 6, 2010, Officer J. Cermeno assaulted Plaintiff with a sweeping handle.  On October 7, 2010 Officer Cermeno punched Plaintiff in the nose and injured Plaintiff when he forced Plaintiff to the ground.  Officer M. Rodriguez aided Officer Cermeno in assaulting Plaintiff.

Plaintiff also alleges that T. Perez, the Associate Warden at HVSP, refused to reimburse Plaintiff $1,315 for a package lost through staff negligence.  Warden Perez's actions resulted in Plaintiff being the victim of a battery.  Warden Perez, along with Sgt Harper, took Plaintiff's television by refusing to give him his receipt that was taped to the television to prove his ownership.

Finally, Plaintiff alleges that the CSP Classification Committee members violated his rights by sending him back to the vicinity where he had been raped.

**III. Claims**

    **A. Excessive Force**

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Construed liberally, Plaintiff states a claim for excessive force against Sgt. Battles and Officers Mejia, Garcia, Cermeno and Rodriguez. Plaintiff's allegations do not state how Sgts. Stepp and Zornes were involved in the June 24 and August 8, 2010 excessive force incidents. Therefore, the claims against them are dismissed with leave to amend.

**B. Other Claims**

Even construed liberally, Plaintiff's allegations against Chief Psychiatrist F. Wilson fail to state a claim. It is unclear what constitutional right Plaintiff claims Dr. Wilson violated. Therefore, the claim against Dr. Wilson is dismissed with leave to amend for Plaintiff to specify which of his constitutional rights Dr. Wilson violated and the specific conduct undertaken by Dr. Wilson that violated that right.

The claims against HVSP Associate Warden Perez regarding Plaintiff's property and the CSP Classification Committee members regarding Plaintiff's improper transfer are dismissed without prejudice for improper joinder. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." The claims against Warden Perez and the CSP Classification Committee members are not based on the same transaction or occurrence or series of transactions and occurrences as the other claims in Plaintiff's complaint which assert excessive force claims against officers at SVSP; and there are no questions of law or fact common to all of the defendants. Therefore, the defendants for these two causes of action do not satisfy the joinder requirements under Rule 20(a)(2) with the claims against the several other defendants. The improper joinder problem can be solved by dismissing the improperly joined parties. See Fed. R. Civ. P. 21. Accordingly, the Court dismisses from this action Defendants HVSP Warden Perez and the CSP Classification Committee members and the claims asserted against them. The dismissal of

4

these improperly joined parties is without prejudice to Plaintiff filing a new action against them in state or federal court.

**III. Request for Appointment of Counsel**

In his complaint, Plaintiff requests the appointment of counsel to represent him in this action.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the interests of justice do not require appointment of counsel at this time, and Plaintiff's request is DENIED.

**CONCLUSION**

1. Plaintiff has stated cognizable Eighth Amendment claims for excessive force against Defendants Sgt. Battles and Officers Mejia, Garcia, Cermeno and Rodriguez.

2. Plaintiff's claims against HVSP Warden Perez and the CSP Classification Committee members are dismissed without prejudice to filing in another action against them.

3. Plaintiff's claims against Defendants Sgts. Stepp and Zornes and Dr. Wilson are dismissed with leave to amend to remedy the deficiencies noted above, if Plaintiff can truthfully do so. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-3316 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named Defendant(s) was involved in each cause of action, what each Defendant did, what effect this had on Plaintiff and what right Plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within twenty-eight days**

**and in accordance with this order will result in a finding that further leave to amend would be futile, and the deficient claims will be dismissed.**

4. If Plaintiff does not wish to file an amended complaint, he shall so inform the Court within **twenty-eight days** from the date of his Order.

5. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

6. Plaintiff's request for appointment of counsel is DENIED.

7. The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form with his copy of this Order.

8. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to Sgt. Battles and Officers Mejia, Garcia, Cermeno and Rodriguez at SVSP**.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of the complaint and this Order to Plaintiff.

9. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety-one (91) days** from the date of this order, the served Defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for

6

1 summary judgment). A motion to dismiss for failure to exhaust available administrative
2 remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008
3 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315
4 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to
5 exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

      b.      Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than **twenty-eight (28) days** after the motion is served and filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63 (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to

dispute any "factual record" presented by Defendant in his motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein. In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

    d.    Defendants must serve and file a reply to an opposition not more than **fourteen (14) days** after the opposition is served and filed.

    e.    The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

11. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

12. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

1  Federal Rule of Civil Procedure 41(b).

3     IT IS SO ORDERED.

5  DATED: August 6, 2013

                                            Maria-Elena James
                                            United States Magistrate Judge

8  G:\PRO-SE\MEJ\2013 CR\L Smith 13-3316 Ord Partial Service.wpd