UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CARLTON SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>L. STEPP, et al.,<br><br>        Defendants. | No. C 13-3316 MEJ (pr)<br><br>**SECOND ORDER OF PARTIAL SERVICE AND PARTIAL DISMISSAL; DIRECTIONS TO CLERK** |

Plaintiff Lawrence Carlton Smith filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at Salinas Valley State Prison (SVSP), where he is currently incarcerated, and at High Valley State Prison (HVSP) and Corcoran State Prison (CSP), where he was formerly incarcerated. Service has already been ordered on five defendants. For the reasons given below, the Court orders service on two additional defendants and dismisses all remaining defendants.

**BACKGROUND**

On August 6, 2013, the Court reviewed plaintiff's complaint and determined that, liberally construed, it stated a claim for excessive force against Sgt. Battles and Officers Mejia, Garcia, Cermeno, and Rodriguez – all defendants employed at SVSP. The Court dismissed the claims against HVSP defendant T. Perez and CSP defendants – identified only as "Classification Committee Members" – on the ground that said defendants were

improperly joined under Federal Rule of Civil Procedure 20(a). The dismissal was without prejudice to plaintiff filing a new action against said defendants in state or federal court.

The Court also dismissed the claims against SVSP defendants Sgts. Stepp and Zornes. As to Sgt. Stepp, plaintiff alleged that said defendant was connected with a June 24, 2010 incident during which plaintiff was "pepper sprayed and physically abused by staff." (Dkt. No. 1 at 5.) As to Sgt. Zornes, plaintiff alleged that said defendant was connected with an August 8, 2010 incident during which plaintiff was again "pepper sprayed and physically abused by staff." (Id.) The Court found, however, that plaintiff failed to allege how Sgts. Stepp and Zornes were involved in these incidents.

Finally, the Court dismissed the claims against SVSP defendant Dr. Wilson. The Court found plaintiff failed to specify which of plaintiff's constitutional rights Dr. Wilson allegedly violated.

The claims against Sgts. Stepp and Zornes and Dr. Wilson were dismissed with leave to amend. The Court warned plaintiff that failure to file an amended complaint within 28 days would result in dismissal of the claims against Sgts. Stepp and Zornes and Dr. Wilson.

Plaintiff did not file an amended complaint as instructed. Rather, on September 16, 2013, plaintiff filed a letter attaching copies of two Rules Violation Reports (RVRs). (Dkt. No. 16 at 4-5, 9-10.) These documents clarify that: (1) Sgt. Stepp was the specific staff member who "pepper sprayed and physically abused" plaintiff on June 24, 2010; and (2) Sgt. Zornes was the specific staff members who allegedly "pepper sprayed and physically abused" plaintiff on August 8, 2010. Such allegations, when liberally construed, are sufficient to state a claim for excessive force against Sgts. Stepp and Zornes.

Only one of the two RVRs was attached to plaintiff's complaint. (Dkt. No. 1-8 at 3.) In order to expedite this action, however, plaintiff will not be required to amend his complaint. The Court finds the complaint provides sufficient detail to put defendants Sgts. Stepp and Zornes on notice of the claims against them. Although the complaint is scant on specifics and details as to Sgts. Stepp and Zornes, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds

2

upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Accordingly, the Court will direct service on Sgts. Stepp and Zornes pursuant to the directions below.

As to defendant Dr. Wilson, plaintiff states in his September 16, 2013 letter that Dr. Wilson violated plaintiff's Fourteenth Amendment rights by force medicating him. (Dkt. No. 16 at 2.) Even assuming such an allegation is sufficient to state a claim against Dr. Wilson, the claim must be dismissed as improperly joined under Federal Rule of Civil Procedure 20(a). The events related to the excessive force claims alleged against the other SVSP defendants are distinct from, and unrelated to, the Fourteenth Amendment claim alleged against SVSP defendant Dr. Wilson. Accordingly, Dr. Wilson will be dismissed from this action without prejudice to plaintiff filing a new action against said defendant in state or federal court.

## CONCLUSION

For the foregoing reasons,

1. The Clerk shall issue a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (Docket No. 1), all attachments thereto, a copy of the Order of Service (Docket No. 8), a copy of plaintiff's September 16, 2013 letter (Docket No. 16), and a copy of this order on **Defendants Correctional Sergeants L. Stepp** and **M. Zornes** at **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020).

2. Briefing shall proceed in accordance with the Court's Order of Service filed on August 6, 2013. (Docket No. 8.)

3. Plaintiff's claims against Chief Psychiatrist F. Wilson are dismissed without prejudice to filing in another action against said defendant

4. The Clerk shall send a courtesy copy of this order to the State Attorney General's Office in San Francisco. Additionally, the Clerk of the Court shall send a copy of this order to plaintiff and to the SVSP Litigation Coordinator.

3

5. The Clerk is further directed to terminate the following defendants from the docket in this action: Associate Warden T. Perez, Chief Psychiatrist F. Wilson, and Classification Committee Members.

IT IS SO ORDERED.

DATED: October 2, 2013

Maria-Elena James
United States Magistrate Judge