UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CARLTON SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. STEPP, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 13-3316 MEJ (pr)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ADDRESSING PENDING MOTIONS**<br><br>**(Docket Nos. 47, 68, 70, 73)** |

Plaintiff Lawrence Carlton Smith, a prisoner at California State Prison–Los Angeles County, filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at Salinas Valley State Prison (SVSP), High Valley State Prison (HVSP) and Corcoran State Prison (CSP), where he was formerly incarcerated. The Court screened the complaint and found it stated cognizable claims for excessive force as against seven defendants at SVSP. Plaintiff later voluntarily dismissed one of the seven defendants, defendant Zornes, as he has been deceased since October 2012. Defendants have filed a motion for summary judgment based on failure to exhaust administrative remedies. Docket #47. Plaintiff has filed an opposition, and defendants have filed a reply.

**DISCUSSION**

I. <u>Legal Standard for Summary Judgment</u>

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>See</u> Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>See</u> <u>id.</u>

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Id. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" See id. at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, plaintiff's verified complaint is considered along with the evidence in his opposition (Docket #54) in evaluating the motion for summary judgment.

II.     Exhaustion of Remedies

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to

provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although previously within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). The PLRA exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Moreover, those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all inmate lawsuits pertaining to prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The exhaustion requirement of the PLRA is intended to serve a number of purposes, including providing an opportunity for corrections officials to address complaints internally, deterring frivolous lawsuits, and creating an administrative record allowing courts to evaluate the relative merits of claims. See Porter, 534 U.S. at 525. "The primary purpose of a grievance," however, "is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

In Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), the Ninth Circuit held that a failure to exhaust under § 1997e(a) should be raised by a defendant as an "unenumerated Rule 12(b) motion." Thereafter, however, in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), the Ninth Circuit overruled Wyatt in part and held that a motion for summary judgment is the appropriate procedural device for pretrial determination as to exhaustion. Albino, at 1169. Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Id. As set forth in

Albino, "an unenumerated motion under Rule 12(b) is not the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted." Id. at 1168.[1] The Court next turns to the administrative remedies available to California inmates.

The California Department of Corrections and Rehabilitation (CDCR) provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 C.C.R. § 3084.1(a).[2] It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within said system, a prisoner must submit his complaint on CDCR Form 602 and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). The initial grievance must be filed within 15 working days of the action or event being protested, and inmates must seek review at each successive level within 15 working days of receiving an adverse decision at a lower level. 15 C.C.R. § 3084.6. The appeals coordinator can reject or "screen out" an appeal for various reasons, including failure to comply with the 15 working-day time limit, omission of necessary supporting documents, or duplication of a previous appeal. 15 C.C.R. § 3084.3(c). When the grievance is not rejected or screened out, the inmate must pursue the grievance through each level of review to exhaust remedies. 15 C.C.R. § 3084.5.

---

[1] Here, on January 6, 2014, in accordance with Wyatt, defendants filed a motion to dismiss under the non-enumerated portion of Rule 12(b). Following the Ninth Circuit's ruling in Albino, the Court denied defendants unenumerated 12(b) motion without prejudice to filing a motion for summary judgment on the exhaustion issue. Defendants thereafter filed their motion for summary judgment, which is the instant motion addressed herein.

[2] The regulations pertaining to the inmate appeals process were amended December 17, 2010. The regulations cited here are those that were in effect at the time of the events giving rise to plaintiff's claims. Defendants submit the applicable regulations as Exhibit A to their Request for Judicial Notice (docket #50). The Request for Judicial Notice is hereby GRANTED.

4

Compliance with the above-described procedure satisfies the exhaustion requirement under § 1997e(a). Barry, 985 F. Supp. at 1237-38.

III. Plaintiff's Claims

Plaintiff asserts the following five claims, all of which allege excessive force incidents committed by defendants at SVSP[3]:

### A. June 24, 2010 Incident

Plaintiff alleges that on June 24, 2010, he was pepper sprayed and physically abused by defendant Correctional Sergeant Stepp. Docket #1 at 5[4].

### B. July 1, 2010 Incident

Plaintiff alleges that on June 1, 2010, defendant Correctional Sergeant Battles pepper sprayed him and falsely accused him of assault. Docket #1 at 7.

### C. August 27, 2010 Incident

Plaintiff alleges that on August 27, 2010, defendant Correctional Officer Mejia pepper sprayed him and struck him in the face with his fists, resulting in a slash that required stitches. Docket #1 at 5-6. Plaintiff further alleges that defendant Correctional Officer Garcia aided Mejia by holding plaintiff while he was being pepper sprayed and then punched plaintiff in the face, resulting in injury that required stitches. Id. at 5.

### D. October 6, 2010 Incident

Plaintiff alleges that on October 6, 2010, defendant Correctional Officer Cermeno, assaulted him with a sweeping handle. Docket #1 at 8.

### E. October 7, 2010 Incident

Plaintiff alleges that October 7, 2010, defendant Cermeno punched him in the nose and injured him after Cermeno forced plaintiff to the ground. Docket #1 at 8. Plaintiff further alleges that defendant Correctional Officer Rodriguez aided Cermeno in assaulting

---

[3] The complaint included a sixth claim against defendant Zornes who, as noted above, was later dismissed.

[4] Page number citations refer to those assigned by the Court's electronic filing system and not those assigned by the parties.

1 and injuring him. Id. Plaintiff also alleges that his face hit the wall when Cermeno and
2 Rodriguez forced him to the ground. Id.

IV. Failure to Exhaust

Defendants argue they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies with respect to any of his claims. The parties submit evidence showing the following:

Plaintiff submitted only two grievances relating to incidents complained of in this action. Medina Decl. (Docket #48) at ¶¶ 12-18 & Ex. A.[5] These two grievances – identified by log numbers SVSP-L-10-02324 and SVSP-L-10-02567 – were related to the June 24, 2010 incident involving defendant Stepp and the August 27, 2010 incident involving defendants Mejia and Garcia. Id.

Plaintiff submitted grievance log number SVSP-L-10-02324 on or about August 16, 2010. Id. at ¶ 13. Plaintiff requested a $10 reimbursement for a confiscated ID card and reversal of the Senior Hearing Officer's July 24, 2010 verdict finding him guilty of willfully obstructing a peace officer. Id. The grievance was bypassed at first level review and denied at second level review on October 15, 2010. Id. In the decision denying second level review, plaintiff was advised he could submit his grievance to the Director's level (third level review). Id. No party has submitted a copy of this grievance. In their motion for summary judgment, defendants represent that plaintiff used the grievance to allege that defendant Stepp and other staff physically abused plaintiff on June 24, 2010. See Docket #47 at 6. In his declaration, however, Medina states that the grievance made no excessive force allegations. Docket #48 at ¶ 13. In any event, plaintiff never filed a third level review request on this grievance. Id.

Plaintiff submitted grievance log number SVSP-L-10-02567 on September 28, 2010, requesting that he be removed from SVSP and that the Chief Psychiatrist Dr. Wilson be

---

[5] In support of their motion, defendants submit the declaration of Eloy Medina (Medina), the appeals coordinator at SVSP, who states he conducted a search for all inmate appeals filed by plaintiff. Docket #48 at ¶¶ 1, 12.

ordered to "cease his misconduct and the medicine." Docket #48 at ¶ 14. Plaintiff has submitted a copy of this grievance. See Docket #54 at 17-20. Plaintiff claimed in the grievance that he was denied his right to be present for his September 16, 2010 classification hearing. Id. He also complained that on August 8, 2010, two correctional officers, including defendant Mejia, assaulted and pepper sprayed him. Id. at 19. The Court notes that the complaint in this matter alleges that the incident with Mejia took place on August 27, 2010 – not August 8, 2010. However, other than the discrepancy in dates, the complaint and inmate grievance appear to describe the same incident with Mejia. Specifically, similar to the complaint, the grievance asserted that "Mejia struck [plaintiff] in the face with his fists going down the stairs in restraints resulting in a large slash that required stitches." Docket #54 at 19.[6] On November 1, 2010, the grievance was cancelled at first level review because it was not timely filed. Docket #60-2 at 2-4. There is no record of any third level decision pertaining to this appeal. Docket #48 at ¶ 14.

Plaintiff never submitted, let alone exhausted, inmate grievances regarding the alleged July 1, October 6, and October 7, 2010 excessive force claims. Docket #48 at ¶¶ 12-18 & Ex. A.

In sum, the record shows that no third level grievance was submitted regarding any of plaintiff's claims in this action.

The burden now shifts to plaintiff to provide evidence showing that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Plaintiff's argument in opposition is difficult to understand, but he appears to argue that there was a "mishandling" of grievance log number SVSP-L-10-02567. Docket #54 at 9. Plaintiff contends that all of his grievances were given "the same fake log number." Docket #1 at 9. He offers no

---

[6] The Court notes that August 27, 2010 appears to be the correct date as the complaint includes a copy of an August 27, 2010 Rules Violation Report prepared by defendant Garcia. See Docket #1-9 at 5. Therein, Garcia describes an incident in which he and defendant Mejia had to pepper spray and restrain plaintiff, after plaintiff smeared feces in his cell and began banging his head against the wall. See id.

7

evidentiary support for this contention. The record does, however, show a rather bizarre chronology of events as follows:

As discussed above, plaintiff submitted grievance log number SVSP-L-10-02567 on September 28, 2010. Docket #54 at 17-20. As also discussed above, on November 1, 2010, the grievance was cancelled at first level review on the ground that it was not timely filed. Docket #60-2 at 2-4. The cancellation decision gave plaintiff various instructions, including instructions on how to appeal unrelated issues. See id. Despite the cancellation at the first level, on November 3, 2010, the SVSP Inmate Appeals Office issued an "inmate appeal route slip," which deemed the appeal a "Staff Complaint," and assigned it to second level review for a response. Id. at 8. Specifically, the slip states:

> INMATE APPEAL ROUTE SLIP
>
> To: CA1-FACT FINDING                    Date: November 3, 2010
>
> Re: Appeal Log Number SVSP-L-10-02567 By Inmate SMITH, P54955
>
> Please assign this appeal to appropriate staff for **SECOND** level response.
>
> Appeal Issue: STAFF COMPLAINTS
>
> Due Date: **12/16/2010**
>
> Special Needs:
>
> STAFF INSTRUCTIONS:
> Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

Id. As indicated, the second level response had a due date of December 16, 2010. Id. Plaintiff states that "the result of this due date was not responded to." Docket #54 at 8. The Court understands plaintiff to mean that he never received a second level response.

The records also contains a copy of a November 5, 2010 cancellation decision at the First Level, bearing the same grievance log number. Docket #60-2 at 6. The cancellation decision again notes that the grievance violated the 15-day time limit. See id. In addition, the decision states, "your appeal contains allegations of misconduct, therefore, your appeal

8

was deemed a Staff Complaint appeal." See id.

Defendants attempt to explain this record in their reply. With regard to the November 5, 2010 cancellation, Medina asserts that plaintiff had resubmitted his grievance, which had already been cancelled on November 1, 2010, without making any changes to it, and thus, the resubmitted appeal was cancelled and returned to plaintiff on November 5, 2010. Docket #60-1 (Supplemental Medina Decl.) at ¶ 4. With regard to the November 3, 2010 inmate appeal route slip, Medina asserts the following:

> Although Plaintiff Smith's grievance number SVSP-L-10-02567 regarding the August 8, 2010 staff complaint for excessive force was cancelled, on November 3, 2010, Salinas Valley State Prison assigned the matter to a fact-finding inquiry outside of the appeals process with a December 16, 2010 due date. On December 13, 2010, the inquiry was concluded and it was determined that staff did not violate policy.

Docket #60-1 at ¶ 5. In their reply, defendants maintain that even though plaintiff's grievance was advanced to second level review as a staff complaint, he still was required to exhaust his administrative remedies through the Director's level of review (i.e., third formal level), and the lack of a Director's-level decision renders his claim unexhausted.

Defendants' argument is foreclosed by the Ninth Circuit's opinion in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005). In Brown, the Ninth Circuit addressed a case where, as here, a California prisoner had filed an appeal using the California Department of Corrections' (CDC) internal grievance procedures, complaining that a prison guard had used excessive force against him. Id. at 930-31. The appeal was denied at the first level of review. Id. At the second level of review, a decision was issued characterizing the prisoner's appeal as a "staff complaint," and informing the prisoner that an investigation would be conducted, that the administration would decide on the appropriate action to be taken if necessary, and that the prisoner would not be apprised of any disciplinary action taken as a result of his appeal. Id. at 937. The second-level decision told the prisoner that his appeal had been partially granted because the matter would be investigated. Id. The prisoner was told that he would be notified upon completion of the investigation. Id. The decision did not tell the prisoner that any further review was available. Id.

9

In deciding whether, under such circumstances, the prisoner was required to proceed beyond the second level of review in order to exhaust his administrative remedies, the Ninth Circuit found that "the reasonable import of [the second-level decision] is that no further relief will be available through the appeals process, but the confidential staff complaint investigation would go forward and could result in some administrative action based on [the prisoner's] complaint." Id. at 937-38. This interpretation of the second-level decision was confirmed by the CDC's policies and manuals, which required that staff misconduct grievances be investigated only through the specialized staff complaint process, thereby negating any possibility of a parallel investigation through the usual appeals process. Id. at 938. Accordingly, the Ninth Circuit concluded, no further relief is available to a prisoner through the CDC's appeals process once his appeal is partially granted at the second level of review and a confidential investigation into a staff complaint is launched. Id. at 938-39. Under such circumstances, the prisoner has exhausted his available administrative remedies when the second-level decision is issued, and has no obligation to pursue a Director's-level appeal before proceeding to federal court. Id. at 939.

Applying Brown to the facts of the instant case, the Court finds plaintiff has exhausted his available administrative remedies as to grievance log number of SVSP-L-10-02567. As in Brown, plaintiff's appeal complaining of the use of excessive force by prison guards was designated a staff complaint at the second level of review. Though difficult to understand, the second level route slip made clear that a personal interview was required and thus, similar to Brown, it appears an investigation was ordered. Finally, as in Brown, it appears that plaintiff here was never notified of the disposition of the complaint following the investigation, or of any other action of the second level reviewers. See Brown, 422 F.3d at 931. Although defendants assert that plaintiff's grievance was cancelled at Second Level Review (see docket #48 at ¶ 14; docket #60-1 at ¶ 3), the record only shows cancellations at First Level Review (see docket #60-2 at 2-4, 6). Indeed, defendants' own exhibits make clear that the grievance went on to be processed at the second level as a staff complaint. Docket #60-2 at 8. Medina states that this was done "outside of the appeals process,"

10

(docket #60-1 at ¶ 5), but the inmate appeal route slip advancing the grievance to the second level continues to refer to the matter as an "appeal" and continues to attach to it the initial grievance log number of SVSP-L-10-02567 (docket #60-2 at 8). Thus, under Brown, plaintiff here exhausted his available administrative remedies when the second level decision issued, and he had no obligation to pursue a Director's-level appeal before proceeding to federal court. Id. at 939. To the extent that defendants maintain that some further level of review remained open to plaintiff, they do not establish that he was ever counseled of this and do not dispute plaintiff's assertion that he never received a second level response. See Brown, 422 F.3d at 930-31, 937-38; see also Gregory v. PHS, Inc., No. Civ. A. 00-467-SLR, 2001 WL 1182779, *2 (D. Del. Sept. 21, 2001) (holding that prisoner satisfied the exhaustion requirement when he filed a grievance and received no response for such a long period of time that "it is safe to assume [it] exceeded the amount of time allowed for prison authorities to respond under said grievance procedure") (internal citation omitted). Accordingly, defendants' motion for summary judgment based on failure to exhaust plaintiff's August 27, 2010 excessive force claim against defendants Mejia and Garcia will be denied.

Regarding the remaining claims, plaintiff fails to meet his burden to come forward with evidence showing that there is something in his case that made the existing and generally available administrative remedies unavailable to him. Plaintiff appears to argue that he was forced to press multiple claims in grievance log number of SVSP-L-10-02567 because he lacked access to "the legal forms to satisfy the appeals office" as a result of time spent at an outside hospital and in segregation. See Docket #54 at 9-10. As discussed above, this grievance only covered one of the five claims asserted in this action. Even assuming, however, that plaintiff is somehow arguing that he lacked access to the forms he needed to grieve his other claims, he provides no evidentiary support for his conclusory assertion that he lacked access to appeal forms. Further, even if plaintiff had been denied access to the administrative grievance system during the fifteen working days following his various altercations, such circumstance does not excuse his failure to exhaust his administrative remedies thereafter. Indeed, CDCR regulations explicitly include an exception to the timely

filing requirement if an inmate does not have the opportunity to file a grievance during the fifteen-day filing period. See Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding to district court to consider whether plaintiff had opportunity to file grievance within fifteen days after assault, where his injuries and subsequent segregation rendered grievance form inaccessible). The appeals coordinator is only permitted to reject an untimely appeal if "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Id. (quoting Cal. Code Regs. tit. 15, §§ 3084.6(c) and 3084.3(c)(6) (emphasis in original)). Here, even if plaintiff had shown administrative remedies were not available during the fifteen-day period, plaintiff has not shown that further administrative remedies were not available to him at any time after fifteen working days had passed. Indeed, plaintiff never states he made any attempt to exhaust his administrative remedies as to his remaining claims.

Finally, the Court notes that plaintiff attaches to his opposition a grievance form with an inmate signature date of October 26, 2010 in which he appears to describe the October 7, 2010 incident with defendants Cermeno and Rodriguez. Docket #54 at 32. Another grievance form is attached to his complaint and bears the inmate signature date of November 22, 2010. Docket #1-11 at 9. This form appears to describe the July 1, 2010 incident with defendant Battles. See id. Neither of these forms contains a log number or any other identifying marks from the SVSP appeals office indicating they were received. Declarations by Medina as well as the CDCR's Acting Chief of the Office of Appeals, J. Zamora, establish that these appeals were never received by the inmate appeals office at SVSP or at the CDCR's Director's level. See Docket #48 at ¶¶ 17-18; Docket #49 at ¶¶ 11-12.

In sum, although plaintiff is not required to allege he resorted to extraordinary measures in order to exhaust his administrative remedies, conclusory allegations that the administrative remedies process is inadequate are insufficient to defeat summary judgment for failure to exhaust, see White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). Accordingly, defendants' motion for summary judgment for lack of exhaustion will be granted as to the claims against defendants Stepp, Battles, Cermeno, and Rodriguez.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion for summary judgment is hereby GRANTED IN PART and DENIED IN PART as follows:

    a. Summary judgment is GRANTED in favor of defendants Stepp, Battles, Cermeno, and Rodriguez on all claims. The Clerk shall terminate these defendants from the docket in this action.

    b. Summary judgment is DENIED with respect to plaintiff's August 27, 2010 excessive force claim against defendants Mejia and Garcia.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this Order is filed, defendants shall file a motion for summary judgment addressing the merits of the remaining excessive force claim. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

    If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

13

Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

4. Plaintiff has filed three communications with the Court, which were docketed as motions. The communications are difficult to understand, but the Court believes they have been inherently addressed herein. Accordingly, the Clerk shall administratively terminate Docket Numbers. 68, 70, and 73.

This Order terminates Docket Numbers 47, 68, 70, and 73.

IT IS SO ORDERED.

DATED: March 6, 2015

Maria-Elena James
United States Magistrate Judge