UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CARLTON SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>L. STEPP, et al.,<br><br>    Defendants. | No. C 13-3316 MEJ (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>(Docket Nos. 75, 78, 79, 85, 86, 92, 93, 95) |

## INTRODUCTION

Plaintiff Lawrence Carlton Smith, a prisoner at California State Prison–Los Angeles County, filed a pro se civil rights action under 42 U.S.C. § 1983 complaining of conditions at Salinas Valley State Prison (SVSP), High Valley State Prison (HVSP) and Corcoran State Prison (CSP), where he was formerly incarcerated. The Court screened the complaint and found it stated cognizable claims for excessive force as against seven defendants at SVSP. Plaintiff later voluntarily dismissed one of the seven defendants, defendant Zornes.

On July 2, 2014, defendants filed a motion for summary judgment based on failure to exhaust administrative remedies. On March 6, 2015, the Court partially granted defendants' motion and dismissed all of plaintiff's claims other than the claim for excessive force as against defendants Mejia and Garcia relating to an August 27, 2010 incident. The Court directed defendants to file a second motion for summary judgment addressing the merits of the remaining claim.

This matter is now before the Court for consideration of several miscellaneous filings from plaintiff.

# DISCUSSION

**A.   Reconsideration of March 6, 2015 Order**

Plaintiff has filed four motions for reconsideration of the portion of the Court's March 6, 2015 order granting summary judgment in favor of defendants on plaintiff's claims against defendants Cermeno and Rodriguez. Dkt. Nos. 75, 78, 80, 92. Motions for reconsideration are governed by Civil Local Rule 7-9, which states:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> > (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> >
> > (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> >
> > (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civ. L.R. 7-9(a)-(c).

In violation of the Local Rules, plaintiff failed first to seek leave of court before filing his motions for reconsideration. On that basis alone, the motions will be denied. Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Plaintiff's *pro se* status does not excuse his non-compliance with the Court's

1  procedural rules.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

2  Moreover, plaintiff's motions fail to make the showing required under Civil Local
3  Rule 7-9 or otherwise to show good cause for reconsideration.  Plaintiff submits various
4  screening notices and assignment notices bearing grievance Log Number SVSP-L-10-02567.
5  He claims that the assignment notices were not responded to and that the slips covered
6  different incidents all bearing the same fake log number.  However, there is nothing in these
7  exhibits establishing that they relate to different claims, let alone that they relate to plaintiff's
8  claims against defendants Cermeno and Rodriguez.  The Court has already reviewed and
9  relied on Log Number SVSP-L-10-02567 in denying defendants' motion for summary
10 judgment as to the claim against defendants Mejia and Garcia

11 In short, plaintiff disagrees with the Court's ruling and merely repeats arguments
12 which the Court has already considered and rejected.  See Civ. L.R. 7-9(c); Fuller v. M.G.
13 Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Treating the motion for reconsideration as
14 one brought under Rule 59(e), the trial court did not abuse its discretion in denying the
15 motion, because the [plaintiffs] presented no arguments which the court had not already
16 considered and rejected.").  Plaintiff's motions for reconsideration are therefore  DENIED.

### B. Motions Seeking Court Guidance

18 Plaintiff has filed four other communications with the Court, which were docketed as
19 motions.  The communications are difficult to understand but two of them appear to request
20 guidance from the Court on how to respond to defendants' discovery (dkt. no. 79) and why
21 the remaining defendants are permitted to file a second motion for summary judgment (dkt.
22 no. 85).  The other two communications express confusion over whether plaintiff has
23 received all legal mail in this action (dkt. nos. 93, 95).  Plaintiff is reminded that the Court
24 cannot answer legal questions or provide him with any legal advice or research.  However,
25 plaintiff will be provided with a copy of the docket in this action and may request copies of
26 any docket entries that he believes he never received.

27 //

28 //

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for reconsideration are DENIED.

2. Plaintiff's remaining communications, docketed as motions at docket nos. 79, 85, 93, and 95, have been addressed herein and shall be administratively terminated.

3. The Clerk shall send plaintiff a copy of the docket in this action.

4. Plaintiff is reminded that defendants have filed a motion for summary judgment on the merits of the remaining claim as against defendants Mejia and Garcia. Plaintiff's opposition thereto is due on or before **November 2, 2015**. Plaintiff may file a motion for extension of time provided that it is supported by good cause and filed on or before November 2, 2015.

This order terminates Docket No. 75, 78, 79, 85, 86, 92, 93, and 95.

IT IS SO ORDERED.

DATED: October 16, 2015

Maria-Elena James
United States Magistrate Judge

4